**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Gloria Jean Aguilar,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-24-02581-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Counsel for Plaintiff Gloria Jean Aguilar's Motion for Attorney Fees under 42 U.S.C. § 406(b) and Memorandum in support thereof. (Doc. 22; Doc. 23). The Commissioner of the Social Security Administration ("Commissioner") filed a response indicating it "neither supports nor opposes counsel's request" for attorneys' fees. (Doc. 24 at 2). The Court now rules.

## I. BACKGROUND

Plaintiff initially filed her application for social security disability benefits in March 2018, alleging disability beginning January 1, 2017. (Doc. 8-3 at 16). An ALJ issued an unfavorable decision on August 14, 2020. (*Id.*) In November 2020, Plaintiff filed another application for social security disability benefits, alleging disability beginning on August 15, 2020. (*Id.*) The ALJ issued another unfavorable decision (Doc. 8-3 at 30), and Plaintiff appealed to this Court (Doc. 1). The parties stipulated to remand the action pursuant to sentence four of 42 U.S.C. § 405(g) and stipulated that Plaintiff be awarded $6,700.00 under the Equal Access to Justice Act ("EAJA"). (Doc. 17 at 1; Doc. 20 at 1). Pursuant to

those stipulations, the Court: (1) reversed the Commissioner's decision and remanded for further proceedings and (2) awarded Counsel $6,700.00 in EAJA fees. (Doc. 18; Doc. 21 at 3).

The Social Security Notice of Award does not indicate the total amount awarded to Plaintiff in past due benefits. On the Court's own calculation, it estimates Plaintiff received $69,688 in past due benefits, of which the Commissioner withheld $17,422.50 from Plaintiff's past due benefits for payment of attorney fees. (Doc. 23-1). Neither party appears to dispute this amount.

Counsel now seeks this amount—$17,422.50—as a total fee award pursuant to 42 U.S.C. § 406(b). (Doc. 22).

## I. LEGAL STANDARD

A court entering judgment in favor of a Social Security claimant represented by counsel "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Though "[t]he statute does not specify how courts should determine whether a requested fee is reasonable," *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009), the Supreme Court has made clear that the first step is to respect "the primacy of lawful attorney-client fee agreements," *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). A court may deviate downward from a requested fee award "if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151. "Because the [Commissioner] has no direct interest" in how the award is apportioned between client and counsel, district courts must independently "assure that the reasonableness of the fee is established." *Id.* at 1149.

In determining whether fees sought under § 406(b) are reasonable, the Court considers the contingent-fee agreement, the character of the attorney's representation, and the achieved result. *Gisbrecht*, 535 U.S. at 808. Although not controlling, courts may also consider the number of hours spent representing the claimant and the attorney's normal

hourly billing rate for non-contingent-fee cases in determining reasonableness. *Id.* at 808–09. Finally, if a claimant's attorney receives fees under both the EAJA and § 406(b), the attorney must "refund to the claimant the amount of the smaller fee." *Id.* at 796 (citation omitted).

## II. DISCUSSION

Plaintiff contractually agreed to pay Counsel 25% of her past-due benefits. (Doc. 23-2 at 2). Counsel now seeks $17,422.50, or 25%, of the past-due amount awarded to Plaintiff. (Doc. 22). Counsel's itemization of services indicates 27.4 hours of attorney services rendered. (Doc. 23-2 at 3). Counsel requests an hourly rate of $635.86 per hour ($17,422.50/27.4 hours). If awarded the requested attorney fees under § 406(b), Counsel will reimburse Plaintiff the $6,700.00 EAJA fee award. Counsel thus seeks net attorney fees in the amount of $10,722.50, or $391.33 per hour (a 15.39% contingency fee) when the Court factors in the EAJA fees that will be refunded to Plaintiff. This rate is in line with effective hourly rates previously approved in this District. *See Young v. Colvin*, No. CV-11-538-PHX-SMM, 2014 WL 590335, at *2 (D. Ariz. Feb. 14, 2014) (*citing Crawford*, 586 F.3d at 1153) (noting approval of effective hourly rates of $519, $875, and $902); *see also Hopkins v. Comm'r of Soc. Sec. Admin.*, No. CV-18-08129-PCT-DGC, 2024 WL 3010939, at *1 (D. Ariz. June 14, 2024) (effective hourly rate of $231.94); *Mize v. Comm'r of Soc. Sec. Admin.*, No. CV-21-00330-TUC-JGZ, 2024 WL 3951986, at *2 (D. Ariz. Aug. 27, 2024) (effective hourly rate of $350.79).

Furthermore, upon review of the record, the Court finds no indication that Counsel engaged in any substandard performance or undue delay in prosecuting Plaintiff's case. Indeed, Counsel represented Plaintiff before this Court, and through these efforts, Plaintiff was ultimately awarded all benefits for which she applied. Thus, upon consideration of the *Gisbrecht* reasonableness factors, in addition to the risk involved in the contingency fee arrangement in this case, the Court concludes that a fee award of $17,422.50 is reasonable and will approve an award in this amount.

Because Counsel "must refund to the claimant the amount of the smaller fee

[between the attorney fees payable under both the EAJA and § 406(b)]," *Gisbrecht*, 535 U.S. at 796, the Court will order Counsel to refund the $6,700.00 EAJA award to Plaintiff upon Counsel's receipt of the attorney fees awarded by this Order.

**IV. CONCLUSION**

**Accordingly**,

**IT IS ORDERED** that Counsel's Motion for Attorney Fees under 42 U.S.C. § 406(b)(1)(A), (Doc. 22), is **GRANTED** in the amount of $17,422.50.

**IT IS FURTHER ORDERED** that Counsel shall, after receipt of the above-awarded fee, refund to Plaintiff the fee previously awarded under the EAJA, in the amount of $6,700.00.

Dated this 8th day of September, 2026.

James A. Teilborg
Senior United States District Judge